United States District Court
District of Massachusetts

|  |  |
|---|---|
| ANDREA PEDERSEN, SCOTT MALLGRAF, and CLAIRE SCHULTZ, as trustees of the Beach Bank Condominium Trust,<br>    Plaintiffs,<br><br>v.<br><br>HART INSURANCE AGENCY, INC. and LAURA J. MURPHY,<br>    Defendants. | Civil No.<br>10-10922-NMG |

### ORDER

**GORTON, J.**

On October 18, 2011, the Court allowed defendants' motion for summary judgment on Counts I, II and III of plaintiffs' complaint but denied their motion with respect to Counts IV and V. On October 27, 2011, defendants filed a motion to reconsider the Court's partial denial of their motion for summary judgment. As grounds therefore, they argue that plaintiffs cannot establish liability or damages without expert testimony and that, because plaintiffs have not designated an expert witness or provided expert discovery in accordance with the Court's Scheduling Order of October 21, 2010, and Fed. R. Civ. P 26, they are entitled to summary judgment on Counts IV and V.

Upon further reflection, the Court agrees that determining

whether Insurance Agent Murphy made a negligent representation to plaintiffs will require the jury to decide whether plaintiffs' property was eligible, at the time of the alleged misrepresentation, to be categorized within Flood Zone A12.  That determination requires expert testimony.  Deciphering the FEMA flood zone guidelines to calculate damages with reasonable certainty will likewise require expert testimony.  Plaintiffs have not provided any expert discovery.

District courts "have broad discretion in meting out . . . sanctions for Rule 26 violations." Pena-Crespo v. Puerto Rico, 408 F.3d 10, 13 (1st Cir. 2005).  When a party has not complied with its expert disclosure obligations, the Court may exclude the expert testimony at trial or order expedited expert discovery and impose costs on the offending party. Fed. R. Civ. P. 37(c)(1).

At or before the Final Pretrial Conference on Thursday, November 3, 2011, at 11:00 a.m., plaintiffs shall designate one or more expert witnesses qualified to interpret and apply flood insurance guidelines, explain industry practice and calculate damages in this case.  Plaintiffs shall be prepared to explain why they have failed to provide expert discovery and why the Court should not allow summary judgment for defendants in light of that failure.

If the Court is convinced that the designated experts are qualified to testify and should be permitted to do so, it will

impose further expedited expert discovery deadlines at that time and may consider a further brief continuance of the trial. If Plaintiff fails to designate a qualified expert witness at or before the Final Pretrial Conference, the Court will allow defendants' motion for reconsideration and will likely allow their motion for summary judgment with respect to Counts IV and V.

**So ordered.**

/s/ Nathaniel M. Gorton
_____
Nathaniel M. Gorton
United States District Judge

Dated November / , 2011